**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

COPPER MESA MINING CORPORATION )
                                              )
        Petitioner,     )
                             )    Civil Action No. 17-394
        v.       )
                             )
THE REPUBLIC OF ECUADOR,    )
                             )
       Respondent.   )
                             )

---

**PETITION FOR CONFIRMATION, RECOGNITION
AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD**

Pursuant to Chapter 2 of the Federal Arbitration Act (the "FAA") and the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 ("the New York Convention"), Petitioner Copper Mesa Mining Corporation ("Copper Mesa" or "Petitioner") petitions this Court for entry of a judgment:

(i)    confirming, recognizing and enforcing a March 15, 2016 Award (the "Award") rendered in the arbitration between Petitioner Copper Mesa and Respondent the Republic of Ecuador ("Ecuador");

(ii)   entering judgment in Copper Mesa's favor against Ecuador in the amount of the Award with interest; and

(iii)  granting Copper Mesa such relief as the Court deems just and proper.

## INTRODUCTION

1. Copper Mesa has prevailed in an international arbitration against Ecuador that was seated in The Hague, Netherlands, captioned *"In The Matter of An Arbitration Before a Tribunal Constituted in Accordance with the UNCITRAL Arbitration Rules 1976 Pursuant to the Agreement Between the Government of Canada and the Government of Ecuador for the Promotion of Reciprocal Protection of Investments, Signed 29 April 1996"* (the "Arbitration").

2. The three-member Arbitral Tribunal issued an Award in Copper Mesa's favor that is final and enforceable under the New York Convention.

3. The United States is a party to the New York Convention and implemented it pursuant to chapter 2 of Title 9 of the U.S. Code. *See* 9 U.S.C. §§ 201 *et seq.*

4. In accordance with the express mandate of Congress and the obligations assumed by the United States under the New York Convention, this Court must enforce the Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

5. The grounds specified in the New York Convention are extremely limited.

6. No ground barring enforcement exists here.

7. Accordingly, Copper Mesa is entitled to entry of a judgment as requested.

## PARTIES, JURISDICTION AND VENUE

### The Parties

8. Copper Mesa is a Canadian corporation established under the laws of the province of the British Columbia, Canada. Its address is 1503 Wharf Street, Summerland, British Columbia V0H 1Z9, Canada.

9. Ecuador is a "foreign state" within the meaning of the Foreign Sovereign

Immunities Act, 28 U.S.C. § 1603. Ecuador's address is Avenida Amazonas No. 39-123 y Arízaga, Edif. Amazonas Plaza, Quito, Ecuador.

## Personal Jurisdiction

10. This Court has personal jurisdiction over Ecuador pursuant to 28 U.S.C. § 1330(b). That section provides that this Court has personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to sovereign immunity under 28 U.S.C. §§ 1605-1607 and where service has been made under 28 U.S.C. § 1608.

11. Under 28 U.S.C. § 1605, Ecuador is not entitled to sovereign immunity because this case falls under the exception for cases brought to confirm arbitration awards that "are or may be governed by a treaty or other international agreement in force in the United States calling for the recognition and enforcement of arbitral awards." 28 U.S.C. §1605(a)(6).

12. The Award is governed by the New York Convention as this is an action to enforce an arbitral award rendered in the Netherlands (a New York Convention contracting state) and because Canada and Ecuador are also contracting states to the New York Convention. "The New York Convention is exactly the sort of treaty Congress intended to include in the arbitration exception [28 U.S.C. §1605(a)(6)]." *Belize Bank Ltd. v. Gov't of Belize*, 191 F. Supp. 3d 26, 33 (D.D.C. 2016) (internal citations omitted).

## Subject Matter Jurisdiction

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a) as this is an action for relief in personam against a foreign state as defined in 28 U.S.C. § 1603(a) with respect to which the foreign state is not entitled to immunity either under §§ 1605–1607 or under any applicable international agreement.

14. As well, this Court has subject matter jurisdiction under Chapter 2 of the FAA.

9 U.S.C. § 203 provides that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States…shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

## Venue

15. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(f)(4).

## THE ARBITRAL AGREEMENT, ARBITRATION AND AWARD

16. On June 6, 1997, the Agreement Between the Government of Canada and the Government of the Republic of Ecuador for the Promotion and Reciprocal Protection of Investments" (the "BIT") entered into force. The BIT is a bilateral investment treaty between Canada and Ecuador that provides, *inter alia*, certain protections to the activities of Canadian investors, such as Copper Mesa, in Ecuador. Documents relevant to this Petition are certified by and attached as exhibits to the accompanying First Declaration of Nancy Chaves (the "First Chaves Declaration"), which is attached as Exhibit "A," as well as the Second Declaration of Nancy Chaves ("the "Second Chaves Declaration"), which is attached as Exhibit "B" to the Motion to File Under Seal, that is filed concurrently herewith. A copy of the Canada/Ecuador BIT is attached as Exhibit B-1 to the Notice of Arbitration that is attached as Exhibit "A-1" to the First Chaves Declaration.

17. Article XIII(6)(a)(ii) of the BIT provides that "an 'agreement in writing' for purposes of Article II of the New York Convention," *i.e.*, a written arbitration agreement, is created when a Canadian corporation submits a Notice of Arbitration pursuant to Articles XIII(3) and XIII(4) of the BIT. Thus, the Parties' arbitration agreement consists of the BIT, where

4

Ecuador gave its "unconditional consent to the submission of a dispute to international arbitration…" in Article XIII(5) of the BIT, plus Petitioner's Notice of Arbitration. *See, e.g., Chevron Corp. v. Republic of Ecuador*, 795 F.3d 200 (D.C. Cir. 2015) (Chevron met its burden of demonstrating that the arbitration exception applied "by producing the BIT, Chevron's notice of arbitration against Ecuador, and the tribunal's arbitration decision").

18. A copy of Copper Mesa's Notice of Arbitration is attached to the First Chaves Declaration as "Exhibit A-1."

19. The Parties' dispute arose from three mining concessions at Junín, Chaucha and Telimbela in Ecuador granted by Ecuador to Copper Mesa's associated Ecuadorian project companies. Ecuador subsequently revoked or terminated the concessions.

20. Copper Mesa commenced the Arbitration against Ecuador on June 21, 2011 with the submission of a Notice of Arbitration. In that Notice, Copper Mesa submitted its claims under the BIT to a three-member Arbitral Tribunal. The Notice invoked Article XIII(4)(c) of the BIT, which permits the submission of disputes under the BIT to arbitration under the Arbitration Rules of the United Nations Commission on International Trade Law (the "UNCITRAL Rules").

21. In that Arbitration, Copper Mesa alleged that Ecuador had wrongfully revoked or terminated its three concessions, thereby depriving Copper Mesa of the value of its investments in its project companies and causing it to suffer damages. Copper Mesa contended that Ecuador's actions and omissions violated its obligations to Copper Mesa.

22. The three-member Arbitral Tribunal was duly constituted and the place of arbitration was fixed as The Hague, the Netherlands. The dispute was subject to hearings and several rounds of briefings. A hearing on the merits was held from September 16-21, 2013 in

Washington, DC.

23. On March 15, 2016, the Arbitral Tribunal issued the Award. The Award found Ecuador liable for damages caused to Copper Mesa arising from a breach of the BIT in the principal sum of US$ 11,184,595.80 (with respect to the Junín concession) and US$ 8,262,899 (with respect to the Chaucha concession), plus pre-award compound interest at the rate of six-month US Treasury Bills (as published in the Wall Street Journal – New York edition) plus three per cent, with three-monthly rests, from November 3, 2008 (as regards the Junín concession) and June 30, 2009 (as regards the Chaucha concession), plus post-award compound interest until payment. (*See, e.g.*, Award ¶¶ 11.5-11.6). This totals US$ 19,447,494.80 in principal, plus accrued interest through March 1, 2017 in the amount of US$ 5,680,433.01 plus post Award compound interest thereafter at the rate set forth in the Award. A duly certified copy of the Award is attached to the Second Chaves Declaration as "Exhibit C-1."

24. This Petition seeks confirmation, recognition and enforcement of the Award by this Court.

## THE AWARD IS FINAL AND BINDING AND SUBJECT TO ENFORCEMENT

25. The Award is final and binding and subject to enforcement.

26. Article 32.2 of the UNCITRAL Rules, pursuant to which Ecuador agreed to have the arbitration conducted, states that "[t]he award shall be . . . final and binding on the parties. The parties undertake to carry out the award without delay."

27. Notwithstanding its commitment to undertake "to carry out the [A]ward without delay," Ecuador has failed to pay the amounts awarded to Copper Mesa in the Award. Instead, on June 16, 2016, Ecuador petitioned the District Court of The Hague to set aside the Award. The District Court of The Hague has not yet issued a decision on that petition, but Copper

Mesa fully expects that Ecuador's petition will be denied.

28. The Award is final, binding, and subject to enforcement by this Court notwithstanding the pending petition to vacate in The Hague. *See, e.g., G.E. Transp. S.P.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 139 (D.D.C. 2010) ("… the New York Convention authorizes confirmation of the Arbitral Award" notwithstanding the existence of a post arbitration appeal in Albania).

29. Although not necessary under the New York Convention and the FAA for Copper Mesa to proceed with this Petition, on August 16, 2016, a judge in the District Court of The Hague granted Copper Mesa "leave for enforcement of the [A]ward with an order against respondent [Ecuador] to pay the costs of [the Dutch] proceedings."  A copy of the August 16, 2016 decision granting Copper Mesa leave to enforce the Award is attached to the First Chaves Declaration as "Exhibit A-3."

30. This is in keeping with Dutch law. Article 1066 of the Dutch Code of Civil Procedure provides that a "claim for setting aside <u>shall not suspend the enforcement of the award</u>."  (Emphasis added.)  These provisions of the Dutch Code of Civil Procedure are attached as "Exhibit B."

**THE COURT SHOULD CONFIRM, RECOGNIZE AND ENFORCE THE AWARD BECAUSE IT FALLS UNDER THE NEW YORK CONVENTION AND NONE OF THE GROUNDS SPECIFIED UNDER THE CONVENTION FOR REFUSAL OR DEFERRAL EXISTS**

31. As noted, the Award is the result of an arbitration between Copper Mesa and Ecuador covered by the New York Convention.  Copper Mesa and Ecuador are legal entities of countries that are parties to the Convention – Canada and Ecuador, respectively.  In addition, the Award was rendered in a country that is a signatory to the Convention – the Netherlands. *Belize Bank Ltd.*, 191 F. Supp. 3d at 33.

32. The United States implemented the Convention pursuant to chapter 2 of Title 9 of the U.S. Code. *See* 9 U.S.C. § 201, et seq.

33. Section 207 of that Chapter provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. *The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.*

9 U.S.C. § 207 (emphasis added); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974) ("The goal of the [New York] convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.").

34. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the New York Convention are generally summary in nature. *Belize Bank Ltd.*, 191 F. Supp. 3d at 35.

35. The New York Convention provides that covered awards must be enforced, absent very specific and limited grounds. Section 207 provides that confirmation is mandatory "unless [the Court] finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Accordingly, US courts have little discretion to refuse to confirm an award under the FAA.

36. The burden of proof is on the party defending against enforcement of the arbitral award under the New York Convention. *Belize Bank Ltd.*, 191 F. Supp. 3d at 35 ("'[T]he burden

of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation,' and the 'showing required to avoid summary confirmation is high.'") (internal citations omitted).

37. Pursuant to 9 U.S.C. § 207, Copper Mesa is therefore entitled to immediate confirmation, recognition and enforcement of the Award under the New York Convention and respectfully requests that the Court enter judgment against Ecuador in the amount of the Award with compound interest as required by the Award.

WHEREFORE, Petitioner Copper Mesa respectfully requests that this Court: (a) enter a judgment in its favor against Ecuador confirming, recognizing and enforcing the Award; (b) grant Copper Mesa judgment against Ecuador in the amount of the Award together with pre-judgment compound interest as required by the Award as well as post-judgment interest; and (c) grant Copper Mesa such other relief as this Court deems just and proper.

Dated:  March 3, 2017.

Respectfully submitted,

| | |
|---|---|
| **ASTIGARRAGA DAVIS** | s/ Tara J. Plochocki<br>**LEWIS BAACH PLLC** |
| José I. Astigarraga, *pro hac vice pending* | Tara J. Plochocki (DC Bar. No. 989404) |
| M. Cristina Cárdenas, *pro hac vice pending* | 1899 Pennsylvania Ave. N.W., Suite 600 |
| 1001 Brickell Bay Drive, FL 9 | Washington, DC  20006 |
| Miami, Florida 33131 | Telephone:  (202) 659-7217 |
| Telephone:  (305)372-8282 | Facsimile:  (202) 466-5738 |
| Facsimile: (305)372-8202 | Tara.plochocki@lewisbaach.com |
| Jastigarraga@astidavis.com | |
| Ccardenas@astidavis.com | *Counsel for Petitioner Copper Mesa Mining Corporation* |